IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MIGUEL NUNEZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:21-cv-444 |
| WABTEC CORPORATION A/K/A WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION, | ) ) ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant Westinghouse Air Brake Technologies Corporation d/b/a Wabtec Corporation hereby removes to the United States District Court for the Western District of Missouri the action styled *Miguel Nunez v. WABTEC Corporation, a/k/a Westinghouse Air Brake Technologies Corporation,* Case No. 2116-cv09884, currently pending in the Circuit Court of Jackson County at Independence, Missouri. Defendant removes this case on the grounds of federal question and diversity of citizenship. In support of its Notice of Removal, Defendant states as follows:

**I.     THE STATE COURT ACTION.**

1. Plaintiff Miguel Nunez commenced this action on May 4, 2021, in the Circuit Court of Jackson County at Independence, Missouri, by filing his Petition in the case styled *Miguel Nunez v. WABTEC Corporation, a/k/a Westinghouse Air Brake Technologies Corporation,* Case No. 2116-cv09884.

2. The original Petition asserted four Counts under the Missouri Human Rights Act ("MHRA"), alleging harassment, discrimination, retaliation, and constructive discharge.

3. On May 28, 2021, Plaintiff filed a First Amended Petition to add two Counts under Title VII of the Civil Rights Act of 1964, alleging discrimination and retaliation.

4. On June 4, 2021, Defendant was served with a Summons and both the Petition and First Amended Petition.

5. The Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) because it is filed within thirty days of service.

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant in the Circuit Court action are attached as Exhibit A.

7. By removing this action, Defendant does not waive any defenses or objections that it may have, including but not limited to, sufficiency of process, service of process, and personal jurisdiction.

## II. VENUE

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1446 as the United States District Court for the Western District of Missouri geographically embraces the state court in Jackson County, Missouri, in which Plaintiff filed his state court action.

## III. JURISDICTION

9. As discussed more fully below, this is a civil action over which this Court has original jurisdiction because the First Amended Petition asserts claims under federal law, and because there is diversity jurisdiction.

### A. Federal Question Jurisdiction Exists.

10. The First Amended Petition was filed prior to service on Defendant, such that it is the operative pleading.

11. Counts V and IV of the First Amended Petition assert claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

12. Because the First Amended Petition asserts claims under federal law, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

13. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367 because the MHRA claims are so related to the Title VII claims that they form part of the same case or controversy under Article III of the United States Constitution.

**B.     Diversity of Citizenship Exists.**

14. For diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.,* 628 F.3d 439, 445 (8th Cir. 2010).

15. For diversity purposes, "the terms 'domicile' and 'citizenship' are synonymous" and mean the State where an individual is physically present and intends to make his or her home indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "The place where a [person] lives is properly taken to be [the] domicile until facts adduced establish the contrary." *Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).

16. Plaintiff is a citizen of the State of Missouri. First Amended Petition ¶ 6.

17. For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

18. To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's executives direct, control and coordinate the corporation's activities and administration. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.*

19. Defendant is a Delaware corporation with its principal place of business in Pennsylvania. Declaration of Brock Seeley ¶ 4, attached as Exhibit B. Pursuant to 28 U.S.C. § 1332(c), Defendant is a citizen of Delaware and Pennsylvania.

C. **The Amount in Controversy Exceeds $75,000.**

20. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction requires that the amount in controversy "exceed the sum or value of $75,000, exclusive of interest and costs."

21. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).

22. Although Defendant disputes Plaintiff's allegations and denies that it is liable to Plaintiff, it is clear that the amount *in controversy* in this action exceeds $75,000, exclusive of interest and costs. The standard for determining whether a plaintiff's claim meets the jurisdictional threshold is "whether a fact finder might legally conclude" that a plaintiff's damages are greater than $75,000. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D.Mo. 2002) (internal quotations omitted). Further, the relevant question is the value of the claim, and not the amount pled or the actual verdict. *See In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).

23. The First Amended Petition asserts claims of discrimination, harassment, retaliation, and constructive discharge, and seeks compensatory and punitive damages, including lost wages and benefits, damages for emotional distress, and attorneys' fees.

24. The First Amended Petition does not specify the amount of damages Plaintiff seeks, but Plaintiff's total earnings for 8.5 months of work in 2020 were $32,310, such that he was on

pace for annualized earnings of $45,614. Seeley Decl. ¶ 6. Thus, the $75,000 amount in controversy requirement would be satisfied even if Plaintiff seeks to recover no more than two years of backpay/front pay. Stated another way, if this matter is set for trial in or after July of 2022, and recognizing that Plaintiff's employment ended September 16, 2020 (First Amended Petition, ¶ 59), Plaintiff's alleged backpay alone by the time of trial would exceed $75,000.

20. With regard to other recoverable damages, recent employment discrimination and retaliation verdicts have frequently resulted in compensatory and punitive damages far in excess of $75,000:

- *Hesse v. Missouri Department of Corrections*, Case No. 1416-CV07836 (Mo. Cir. Ct., Jackson County, Jan. 19, 2016): $500,000 in compensatory damages and $1 million in punitive damages on sex discrimination, hostile work environment, and retaliation claims;

- *Gentry v. Orkin LLC*, Case No. 1416-CV1625 (Mo. Cir, Ct. Jackson County, December 8, 2016): $120,000 in compensatory damages and $3 million in punitive damages on age and disability discrimination claims;

- *Ingraham v. UBS Financial Services, Inc. and Decoder,* No. 0916-CV36471 (Mo. Cir. Ct. Jackson County, 2011): $592,000 in actual damages and $10 million in punitive damages on sexual harassment and retaliation claims;

- *Eickhoff v. Union Pac.*, No. 0816-CV20813 (Mo. Cir. Ct. Jackson County, 2009): $120,000 in compensatory damages and $1.27 million in punitive damages on sex discrimination and retaliation claims;

- *Lynn v. TNT Logistics, Inc.*, No. 04-CV-216802 (Mo. Cir. Ct. Jackson County, 2006): $50,000 in compensatory damages and $6.75 million in punitive damages on sexual harassment claim;

21. In determining the amount in controversy, courts also should consider the plaintiff's claim for attorneys' fees. *See Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

22. Recent fee awards in cases filed under the MHRA have also exceeded the $75,000 threshold:

- *Bowolak v. Mercy East Communities*, 452 S.W.3d 688 (Mo. Ct. App. E.D. 2014) (affirming fee award of $81,500);

- *DeWalt v. Davidson Surface Air*, 449 S.W.3d 401 (Mo. Ct. App. E.D. 2014) (reversing trial court's reduction of fee award, awarding approximately $130,000 in attorney's fees); and

- *Tate v. Autozoners, L.L.C.*, 363 S.W.179 (Mo. Ct. App. S.D. 2012) (affirming fee award of $126,000).

23. In considering complaints under the MHRA, Federal Courts in Missouri have "legally conclude[d] that the jurisdictional minimum has been met," even when the compensatory damages are less than $75,000, when other damage categories are considered. *See e.g. Polites v. Home Depot U.S.A., Inc.*, No. 4:13CV143 CDP, 2013 WL 2420674, at *2 (E.D. Mo. June 3, 2013) (denying motion to remand, even though the plaintiff's compensatory damages were only $44,000, as combination of claims for compensatory, emotional, and punitive damages, along with attorneys' fees, would clearly permit finder of fact to potentially award "well in excess of the $75,000 threshold"); *see also White v. United Parcel Serv.*, No. 4:11CV00707 AGF, 2012 WL 760936, at *3 (E.D. Mo. Mar. 8, 2012) (concluding the combination of $35,000 in alleged compensatory damages with alleged emotional and punitive damages was sufficient to meet the jurisdictional minimal requirement).

24. Considering the *combination* of Plaintiff's potential claims for lost wages, emotional distress damages, and attorneys' fees, it is clear that a fact finder might legally conclude that Plaintiff's damages exceed $75,000, exclusive of interest and costs. Accordingly, Defendant has demonstrated that this matter meets the amount in controversy requirement for removal of this action.

## IV. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

25. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri, and will

simultaneously provide written notice of the filing of this Notice of Removal to counsel for Plaintiff as reflected by the Certificate of Service.

## V. CONCLUSION.

WHEREFORE, having fulfilled all statutory requirements, Defendant removes the above-captioned matter to this Court from the Circuit Court of Jackson County, Missouri, and request the Court to assume full jurisdiction over the matter as provided by law and to permit this action to proceed before it.

Respectfully submitted,

*/s/Daniel B. Boatright*
Daniel B. Boatright, #38803
Direct: 816.627.4401
E-Fax: 816.817.7703
dboatright@littler.com
Sara K. McCallum, #67473
Direct: 816.627.4434
E-Fax: 816.817.6661
smccallum@littler.com
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and further certify that I served by U.S. Mail, postage prepaid, the document to the following:

Ashley H. Atwell-Soler
HOLMAN SCHIAVONE, LLC
4600 Madison Ave., Suite 810
Kansas City, MO 64112
aatwell@hslawllc.com

ATTORNEY FOR PLAINTIFF

*/s/ Daniel B. Boatright*
Attorney for Defendant