# EXHIBIT A

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

MIGUEL A NUNEZ,

**PLAINTIFF(S),**

VS.

**CASE NO. 2116-CV09884**
**DIVISION 5**

WABTEC CORPORATION,

**DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JAMES FRANCIS KANATZAR** on **03-SEP-2021** in **DIVISION 5** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

    a.    A trial setting;

    b.    Expert Witness Disclosure Cutoff Date;

    c.    A schedule for the orderly preparation of the case for trial;

    d.    Any issues which require input or action by the Court;

    e.    The status of settlement negotiations.

Case 4:21-cv-00444-HFS   Document 1-1   Filed 06/25/21   Page 2 of 66

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ JAMES FRANCIS KANATZAR
JAMES FRANCIS KANATZAR, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
ASHLEY HELEN ATWELL, HOLMAN SCHIAVONE LLC, 4600 MADISON AVE., SUITE 810, KANSAS CITY, MO 64112

Defendant(s):
WABTEC CORPORATION

Dated: 05-MAY-2021

MARY A. MARQUEZ
Court Administrator

Case 4:21-cv-00444-HFS   Document 1-1   Filed 06/25/21   Page 3 of 66

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

MIGUEL NUÑEZ,                                  )
                                               )
                        Plaintiff,             )
                                               )
v.                                             )
                                               )
WABTEC Corporation a/k/a Westinghouse          )
Air Brake Technologies Corporation,            )
                                               )
                        Defendant.             )
Serve Registered Agent:                        )
CSC-Lawyers Incorporating Service Co.          )
221 Bolivar Street                             )
Jefferson City, MO 65101                       )

```
┌─────────────────────────────────────┐
│               FILED                  │
│            DIVISION 5                │
│  ┌─────────────────────────────┐    │
│  │  01-Jun-2021  10:42         │    │
│  └─────────────────────────────┘    │
│  CIRCUIT COURT OF JACKSON COUNTY, MO │
│  BY                                  │
└─────────────────────────────────────┘
```

Case No.: 2116-CV09884

**JURY TRIAL DEMANDED**

UPON MOTION of Plaintiff, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Summons for Defendant

WABTEC Corporation a/k/a Westinghouse Air Brake Technologies Corporation is hereby

GRANTED, and Plaintiff shall have until July 1, 2021, to complete service of the Petition, and the

Summons issued on May 5, 2021, upon WABTEC Corporation a/k/a Westinghouse Air Brake

Technologies Corporation.

Dated:        01-Jun-2021                    By:        _James T. Vanatzen_
                                                        Circuit Court Judge

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☐ AT KANSAS CITY  ☒ AT INDEPENDENCE

Miguel Nunuz,
_____

PETITIONER/PLAINTIFF,

VS.                                         CASE NO.____ 2116-CV09884 ____

WABTEC Corporation a/k/a Westinghouse
_Air Break Technologies Corporation_____
RESPONDENT/DEFENDANT.

### MOTION FOR APPROVAL AND APPOINTMENT
### OF PRIVATE PROCESS SERVER

COMES NOW Requestor in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

Legal Name ____Ron Rugen_____

Registration No. (if applicable)___PPS21-0018_____

The Requestor states that:

☐ The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

☐ The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☒ The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

____/s/ Ashley H. Atwell -Soler_____        ____Ashley H Atwell-Soler_____
Signature of Requesting Party                          Printed Name of Requesting Party

### ORDER

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

____01-Jun-2021_____
DATE

_James T. Kanatzar_____
JUDGE

Revised Oct 2016

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

MIGUEL NUÑEZ,                                      )
                                                   )
                    Plaintiff,                     )
                                                   )
v.                                                 )
                                                   )    Case No.:
WABTEC Corporation a/k/a Westinghouse              )
Air Brake Technologies Corporation,               )
                                                   )
                    Defendant.                     )    **JURY TRIAL DEMANDED**
Serve Registered Agent:                            )
CSC-Lawyers Incorporating Service Co.              )
221 Bolivar Street                                 )
Jefferson City, MO 65101                           )

## FIRST AMENDED PETITION

**COMES NOW** Plaintiff Miguel Nuñez, by and through the undersigned counsel and pursuant to Missouri Supreme Court Rule 55.33 (a), and for his claims against the Defendant identified above, states and alleges as follows:

## INTRODUCTION

1.      The claims in this Petition arise out of Plaintiff's employment relationship with Defendant.

2.      The unlawful conduct alleged herein took place at Plaintiff's place of employment, which was located at 4800 Derramus, Kansas City, Missouri, 64120.

3.      In violation of the Missouri Human Rights Act ("MHRA") and Title VII and the Civil Rights Act, Plaintiff was subjected to unlawful harassment, discrimination, and retaliation.

4.      All claims, facts, and allegations made in this First Amended Petition arise out of the same conduct, transactions, and occurrences set forth in Plaintiff's original Petition, as such, the amendments relate back to the date of his original filing. *See* Rule 55.33(c).

5.      Plaintiff seeks all relief available under the MHRA and Title VII, including but not limited to compensatory and punitive damages.

## PARTIES

6.      Plaintiff is now, and was at all times relevant to the allegations in this Petition, a male resident and citizen of Jackson County, Missouri.

7.      Defendant WABTEC Corporation is a Pennsylvania Corporation registered to do business in the State of Missouri.

8.      At all relevant times, Defendant was conducting business at 4800 Derramus in Kansas City, Missouri.

9.      Defendant was an employer of Plaintiff within the meaning of the Missouri Human Rights Act, R.S.Mo. § 213.010 et seq.

10.     Defendant was at all times pertinent to this Complaint for Damages, an employer of Plaintiff within the meaning of Title VII, 42 U.S.C. § 2000e(b).

11.     Defendant is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, acts done by agents for which the agency

2

relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

**JURISDICTION AND VENUE**

12.    Plaintiff was subjected to multiple discriminatory and retaliatory acts complained of herein in Jackson County, Missouri, making this Court an appropriate forum.

13.    Defendant engaged in business in the State of Missouri and more specifically, Jackson County, Missouri, allowing this Court to assert personal jurisdiction over Defendant.

**ADMINISTRATIVE PREREQUISITES**

14.    On August 6, 2020 Plaintiff timely filed his first Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"). A copy is attached hereto as **Exhibit A** and is incorporated herein by reference.

15.    On February 3, 2021, the MCHR issued Plaintiff a Notice of Right to Sue as to his first Charge, authorizing Plaintiff to file a lawsuit based on the afore-mentioned Charge of Discrimination. A copy of the right to sue notice is attached hereto as **Exhibit B** and is incorporated herein by reference.

16.    The original Petition was filed within 90 days after the MCHR issued Exhibit B.

17.    On May 12, 2021, the EEOC issued Plaintiff a Notice of Right to Sue

3

Electronically Filed - Jackson - Independence - May 28, 2021 - 02:53 PM

authorizing Plaintiff to file a lawsuit based on the afore-mentioned First Charge of Discrimination. A copy of the right to sue notice is attached hereto as Exhibit C and is incorporated herein by reference.

18. On October 15, 2020, Plaintiff timely filed his second Charge of Discrimination with the MCHR and EEOC. A copy is attached hereto as Exhibit D and is incorporated herein by reference.

19. On May 17, 2021 the MCHR issued Plaintiff a Notice of Right to Sue as to his second Charge, authorizing Plaintiff to file a lawsuit based on the afore-mentioned Charge of Discrimination. A copy of the right to sue notice is attached hereto as Exhibit E and is incorporated herein by reference.

20. On May 12, 2021, the EEOC issued Plaintiff a Notice of Right to Sue as to his second Charge, authorizing Plaintiff to file a lawsuit based on the afore-mentioned Charge of Discrimination. A copy of the right to sue notice is attached hereto as Exhibit F and is incorporated herein by reference.

21. This First Amended Petition is filed within 90 days of the receipt of the Rights to Sue attached hereto as Exhibits C, E, and F.

22. This action has been timely filed with this Court, and Plaintiff has met all conditions precedent to filing this action.

23. Venue is proper in the Independence Division of the Jackson County Circuit Court because Plaintiff's first injury and multiple acts of discrimination alleged herein occurred in Jackson County, Missouri, within this court's territorial jurisdiction.

4

**PARTICULARS**

24.     Defendant is a privately owned company in the rail and transportation industry.

25.     Plaintiff began his employment with Defendant in approximately September of 2011 as an Assembling and Testing Operator in Defendant's Kansas City, Missouri facility.

26.     Plaintiff had good job performance throughout his tenure with WABTEC, and received various increases in salary from September 2011 until the end of his employment.

27.     Plaintiff is a bisexual male.

28.     In approximately August of 2019, Plaintiff began to experience workplace discrimination and harassment based on his gender and sexual orientation.

29.     From August 2019 until the end of his employment, Plaintiff was subjected to workplace discrimination, retaliation, and harassment based on his gender, gender stereotyping, and his sexual orientation (bisexual).

30.     From August 2019 until the end of his employment, Plaintiff was subjected to frequent harassment about his sexual orientation by both supervisor and co-workers.

31.     Supervisors and co-workers frequently referred to Plaintiff with derogatory terms for gay people in English and Spanish, and constantly discussed Plaintiff's sexual orientation.

32.     By way of example, in approximately August of 2019, after someone in the work area had passed gas, Plaintiff's Supervisor, Victor Mejia, pointed at Plaintiff and

5

stated 'el maricon se cagó' ('the fa**ot shit himself') and laughed. Other workers joined in laughing with Plaintiff's Supervisor.

33.     That same day, Plaintiff made a complaint to Victor Mejia's direct Manager, Daniel Ariola.

34.     Manager Ariola failed to conduct a proper investigation, failed to take Plaintiff's complaints seriously, and failed to remedy the situation.

35.     Throughout the fall of 2019, Plaintiff's Supervisor Victor Mejia and several co-workers continued to treat him less favorably than other workers and to make derogatory comments about his sexual orientation. Plaintiff continued to report to Daniel Ariola, but no action was taken.

36.     In addition to the derogatory comments, Plaintiff's supervisor and co-workers socially ostracized him at the work place. Co-workers made rude and demeaning comments about Plaintiff's wife and Plaintiff's son, and threatened to 'tell the people in his hometown that he was gay' on multiple occasions.

37.     Plaintiff made many reports about these incidents to manager Daniel Ariola. Ariola failed to take action on Plaintiff's complaints. Plaintiff's direct supervisor, Victor Mejia, continued to participate in and cheerlead the harassment and discrimination.

38.     Mejia also criticized Plaintiff's work more harshly and delayed giving him a raise past the normal time when other workers were receiving annual raises.

39.     When Mejia did give Plaintiff a raise, he scolded him and told him he didn't deserve it. Plaintiff took Mejia's delay of the raise, and his comments following, as retaliation for his complaints about sex discrimination and harassment.

6

40.    After Plaintiff's complaints, Mejia targeted Plaintiff for more difficult work.

41.    In or about March 2020, shortly after COVID-19 protocols were put in place, WABTEC employees were instructed to eat lunch outside for safety reasons.

42.    When Plaintiff went out to each lunch, co-workers put their lunch boxes on the place where he would normally sit so that he could not sit down. He took this as both discrimination against him, and an act of retaliation for his previous complaints.

43.    In or about April 2020, A co-worker, Rafael, approached Plaintiff in an accusatory manner and asked him if he knew who had taken some belongings from his work area and scratched a female coworkers' car. Plaintiff told him that he didn't know and suggested he ask the manager for the video footage.

44.    Later that day, the same co-worker, Rafael called Plaintiff a 'maricón de closet' (derogatory term for gay). Plaintiff reported this incident, and no action was taken by Management.

45.    Also in April 2020, another Supervisor, Dwayne, touched Plaintiff twice in an inappropriate manner on his rear end. Plaintiff reported this as well, and no action was taken.

46.    Throughout the Spring and early Summer of 2020, the harassment towards Plaintiff continued and increased in intensity. Despite his frequent reports to supervisor Daniel Ariola, no action was taken to remedy the situation, and Plaintiff was forced to endure the harassment on a daily basis. The harassment became so severe that it devolved into an atmosphere of constant harassing and bullying of Plaintiff.

7

47.     In retaliation for his Complaints, Plaintiff's Supervisors targeted him for unfair workplace discipline and more difficult work assignments, and his other co-workers continued their harassment and socially ostracized Plaintiff.

48.     In or about July 2020, a coworker wrote a gay slur about Plaintiff in the men's bathroom. Another employee painted over the words. After Plaintiff's shift, the same coworker who wrote the gay slur said 'here comes the gay man' as Plaintiff walked down the hall.

49.     On or about July 22, a co-worker also left a note with a gay slur on a machine that Plaintiff had to turn on every day.

50.     On or about August 3, 2020, Plaintiff had to stay thirty minutes after his regular shift to make up for some time off. When a coworker saw that Plaintiff was staying late, they made a comment that 'the company was giving out overtime because Miguel was performing oral sex on the Manager'. In Spanish they said 'está con el mayordomo haciendo espuma'.

51.     Plaintiff reported this commentary to Daniel Ariola, and again, he did nothing.

52.     On or about August 5, 2020, Plaintiff was sitting behind a co-worker, and the co-worker told him 'get out of there fa**ot' ('quitate de ahi maricon').

53.     On August 6, 2020, after nearly a year of trying to get Management to act to remediate the situation and protect Plaintiff's right to a discrimination and retaliation free workplace, he filed a Charge with the EEOC and Missouri Human Rights Commission.

8

54.    After his Charge was filed and management found out about the Charge, the discrimination and retaliation against Plaintiff only got worse.

55.    Shortly after Plaintiff filed his August 6, 2020 Charge of Discrimination, his direct supervisor, Victor Mejia, began insulting him directly to the face and harassing him, calling him 'joto' or 'fag' right to his face, and in front of Plaintiff's co-workers.

56.    Mejia organized the other workers to bully Plaintiff and even organized the workers to make fun of the actual Charge of Discrimination that Plaintiff had filed. Mejia and others were laughing about Plaintiff's Charge of Discrimination in a meeting in front of approximately 20 co-workers.

57.    Desperate for help, in addition to his many complaints at work, Plaintiff also contacted manger Daniel Ariola via cell phone and text messages to try to get Ariola to help him. Ariola did not take Plaintiff's complaints seriously, did not ask Human Resources to get involved, and did not discipline Victor Mejia or anyone else in any way.

58.    By early September 2020, the discrimination, retaliation, and harassment became constant. All day long and on a daily basis, Plaintiff's Supervisor Victor Mejia and several co-workers would harass him, call him names, and try to get a reaction out of him.

59.    By September 16, 2020, Plaintiff could not tolerate the discrimination, harassment, retaliation and bullying any longer. He was forced to leave his job, constructively discharged due to his treatment. Even when he told Management he was leaving, they continued trying to harass him, taking him in to the office and trying to force him to sign resignation paperwork.

9

60.     The individuals mentioned above who are responsible or were involved in the decisions not to discipline supervisor Victor Mejia or the other co-workers who harassed, discriminated against, and bullied Plaintiff for being bisexual and because of his sex were acting within the course and scope of their employment, and/or their actions were done knowingly by their employers, making their employers vicariously liable for Plaintiff's damages and constructive discharge.

61.     Management employee Victor Mejia was directly involved in the harassment and retaliation Plaintiff suffered and exercised his authority as a supervisor in doing so, and was therefore directly acting in the interests of Defendant.

62.     Defendant knew gender discrimination and harassment, harassment and discrimination based on sexual orientation, and retaliation were unlawful at the time Plaintiff was subjected to harassment and retaliation.

63.     Defendant created intolerable working conditions such that a reasonable person in Plaintiff's position would have had no reasonable alternative but to resign.

64.     At all relevant times, both Mejia and Ariola were acting within their managerial capacity and within the scope of employment.

65.     Defendant ratified and approved of Victor Mejia's actions by, including but not limited to, leaving Mejia in a supervisory role over Plaintiff.

**COUNT I**
**SEX DISCRIMINATION AND HOSTILE WORK ENVIRONMENT (SEXUAL HARASSMENT) IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT – R.S. Mo. §213.055**

66.     Plaintiff hereby incorporates all previous paragraphs, and those that follow, by reference, as if fully set forth herein.

10

67.     While Plaintiff, a bisexual male and a member of a protected class, was employed by Defendant, he was subjected to unwelcome harassment from his supervisor and co-workers that was motivated by his sex in violation of the Missouri Human Rights Act. Plaintiff was targeted for sexual harassment because he is a bisexual man.

68.     The unwelcome sexual harassment was sufficiently severe or pervasive as to alter the conditions of his employment and create an abusive, hostile, intimidating and offensive working environment because of his sex.

69.     The harassment was subjectively intimidating and/or offensive to Plaintiff and would have been so intimidating and/or offensive to a reasonable person.

70.     This unwelcome sexual harassment adversely affected Plaintiff's terms, conditions, and privileges of his employment.

71.     Defendant had actual and/or constructive notice of said unlawful conduct and failed to take prompt remedial action.

72.     As a direct and proximate result of Defendant's conduct described herein Plaintiff sustained degradation, pain, anguish, anxiety, and distress.

73.     By failing to stop Mejia's and others offensive conduct when it was first made known, Defendant exacerbated the sexually hostile environment and sex discrimination in Plaintiff's workplace.

74.     The supervisor's harassment had the purpose or effect of unreasonably interfering with Plaintiff's work performance in that it caused him stress, anxiety, and degradation, and ultimately led to his constructive discharge.

75.     Defendant is vicariously liable for the acts of its supervisors and aided and compelled the harassment against Plaintiff.

11

76.     The harassment Defendant subjected Plaintiff to was offensive, created an abusive work environment, and affected the terms and conditions of Plaintiff's employment, in that the Plaintiff suffered from a hostile work environment, was targeted for undue criticism, and ultimately was constructively discharged.

77.     Plaintiff experienced harassment so intolerable that a reasonable person in the same position would have felt compelled to resign, resulting in his constructive discharge from employment.

78.     As a result of Defendant's harassment of Plaintiff and the failure of Defendant to take prompt and effective remedial action to stop the harassment and hostile work environment, as alleged herein, Plaintiff has suffered lost wages and benefits of employment.

79.     As a result of Defendant's harassment of Plaintiff and the failure of Defendant to take prompt and effective remedial action to stop the harassment and hostile work environment, as alleged herein, Plaintiff has suffered emotional distress, humiliation, inconvenience, and mental anguish.

80.     As a result of Defendant's harassment of Plaintiff and the failure of Defendant to take prompt and effective remedial action to stop the harassment and hostile work environment, as alleged herein, Plaintiff has incurred attorneys' fees and costs of litigation.

81.     Defendant's actions and conduct, as set forth herein, intentionally harmed Plaintiff without just cause or Defendant acted with a deliberate and flagrant disregard for his safety.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor against Defendant for compensatory and punitive damages permitted by § 213.111 (2) and pursuant to §510.261(5), prejudgment interest, as well as for appropriate equitable, declaratory and injunctive relief, attorneys' fees and costs and for such other relief as may be just and proper under the circumstances.

## COUNT II

**Violation under Mo. Rev. Stat. 213.055 *et seq.* Sex Discrimination**

82.     Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

83.     Plaintiff was discriminated against by Defendants because of his sex.

84.     Defendant discriminated against Plaintiff based on impermissible sex stereotyping constituting sex discrimination.

85.     All actions or inactions of or by Defendant occurred by or through their owners, agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

86.     Defendants' actions constitute unlawful employment discrimination against Plaintiff in violation of the Missouri Human Rights Act at § 213.055 of the Missouri Revised Statutes, as alleged herein.

87.     As a direct and proximate result of the unlawful conduct of Defendants, as set forth herein, Plaintiff has suffered damages which include: mental anguish, emotional distress, pain and suffering, loss of past and future wages, a detrimental job record, career damage and diminished career potential, mental distress in the form of embarrassment,

13

degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses, all of a continuing and permanent nature.

88. The conduct of Defendants was outrageous and evidenced an evil motive or reckless indifference for the rights of Plaintiff and the rights of others.

89. Plaintiff is also entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor against Defendant for compensatory and punitive damages permitted by § 213.111 (2) and pursuant to §510.261(5), prejudgment interest, as well as for appropriate equitable, declaratory and injunctive relief, attorneys' fees and costs and for such other relief as may be just and proper under the circumstances.

**COUNT III**
**RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT-**
**R.S. Mo. §213.070(2)**

90. Plaintiff hereby incorporates all previous paragraphs, and those that follow, by reference, as if fully set forth herein.

91. Plaintiff engaged in protective activity under the MHRA when he reported workplace discrimination and sexual harassment on multiple occasions, including in August 2019 and on numerous times between August 2019 and his constructive discharge in September 2020.

92. Beginning in or about August 2019, and continuing until Plaintiff was constructively discharged, Defendant engaged in retaliatory acts that were motivated by Plaintiff's decision, and protected right, to report acts of harassment based on his sex and the subsequent retaliation.

14

93.     Defendant, by its actions and failures to act, including but not limited to those described above, discriminated against Plaintiff on the basis of sex and retaliated against him in violation of the Missouri Human Rights Act.

94.     As a direct and proximate cause of Defendant's retaliation against Plaintiff, as alleged herein, Plaintiff has suffered lost wages and benefits of employment.

95.     As a result of Defendant's retaliation against Plaintiff, as alleged herein, Plaintiff has suffered emotional distress, humiliation, inconvenience, mental anguish and loss of enjoyment of life.

96.     As a result of Defendant's retaliation against Plaintiff, as alleged herein, Plaintiff has incurred attorneys' fees and costs of litigation.

97.     Defendant's actions and conduct, as set forth herein, intentionally harmed Plaintiff without just cause or Defendant acted with a deliberate and flagrant disregard for his safety.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor against Defendant for compensatory and punitive damages permitted by § 213.111 (2) and pursuant to §510.261(5), prejudgment interest, as well as for appropriate equitable, declaratory and injunctive relief, attorneys' fees and costs and for such other relief as may be just and proper under the circumstances.

## COUNT IV
## CONSTRUCTIVE DISCHARGE IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

98.     Plaintiff incorporates by reference the allegations in all other paragraphs as if fully set forth herein.

99.    Due to Defendant's failure to assist Plaintiff, despite his complaints of discrimination, harassment, and retaliation, and Defendant's failure to improve the hostile environment, but instead harassing Plaintiff, targeting him for unfair workplace criticism, and denying him the opportunity to fully express his discrimination and harassment complaints, Plaintiff's working environment became so hostile and intolerable that he was forced to resign, i.e., constructively discharged.

100.    Through their continuous pattern of discriminatory treatment, including but not limited to social ostracism, joking about and making light of Plaintiff's complaints, writing derogatory words about Plaintiff in his work areas, and continued targeting and harassment, Defendant deliberately rendered Plaintiff's working conditions intolerable, as alleged herein.

101.    The working conditions to which Plaintiff was subjected would have been regarded to be hostile and intolerable by a reasonable person.

102.    Defendant's constructive discharge of Plaintiff was intentional, willful, malicious, and calculated toward Plaintiff and thus such conduct constituted willful violations of the law.

103.    Defendant's actions and conduct, as set forth herein, intentionally harmed Plaintiff without just cause or Defendant acted with a deliberate and flagrant disregard for his safety and well-being.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor against Defendant for compensatory and punitive damages permitted by § 213.111 (2) and pursuant to §510.261(5), prejudgment interest, as well as for appropriate equitable, declaratory and injunctive

relief, attorneys' fees and costs and for such other relief as may be just and proper under the circumstances.

## COUNT V – VIOLATION OF TITLE VII - SEX DISCRIMINATION

104.    Plaintiff hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 85 above.

105.    Plaintiff, at all times relevant, was an "employee" of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e(f) et seq. ("Title VII").

106.    Plaintiff is a bisexual male, and is therefore a member of the protected class of "sex."

107.    Plaintiff was subjected to sex discrimination at the hands of Defendant and/or Defendant's agents and subordinates, in that Defendant permitted Plaintiff's coworkers and supervisors to treat Plaintiff differently than they treated other employees because of his sexual orientation.

108.    Plaintiff reported the discriminatory practices to Defendant, and Defendant (through its agents, other employees, managers, and supervisors) made no attempt to remedy the situation, but rather ignored Plaintiff's complaints and eventually took disciplinary action against Plaintiff for making complaints.

109.    Plaintiff's sexual orientation was the reason he was treated differently than his coworkers.

110.    Defendant's discrimination against Plaintiff directly and materially affected a term, condition, or privilege of Plaintiff's employment in that he was denied social opportunities in the workplace, sabotaged in the performance of his job, and was

17

subjected to harassment and beratement at the hands of his supervisors and coworkers because of his sexual orientation.

111.    By not taking action to stop or rectify the disparate treatment, harassment, and sabotage, Defendant ratified, authorized and/or condoned the conduct of its agents and employees.

112.    Defendant knew of the discrimination and failed to take appropriate action, or any remedial action whatsoever.

113.    Plaintiff was ultimately constructively discharged from his job because of his sexual orientation.

114.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

115.    As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress, mental anguish, pain and suffering, and related compensatory damages.

116.    By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

117.    As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter them and other companies from the conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against the Defendant for economic damages, including, but not limited to: back pay, lost

benefits and front pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorney fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT VI – VIOLATION OF TITLE VII - RETALIATION

118.     Plaintiff hereby re-alleges and incorporates by reference all previous allegations alleged herein.

119.     Plaintiff engaged in protected activity by making multiple complaints of sex discrimination within the workplace to Defendant.

120.     Plaintiff was subjected to retaliation at the hands of Defendant and/or Defendant's agents and subordinates, in that Defendant permitted Plaintiff's coworkers to retaliate against Plaintiff and harass him because Plaintiff complained of the discrimination against Plaintiff, and Defendant either refused or failed to stop the retaliation and harassment.

121.     Plaintiff complained of the retaliatory conduct to Defendant multiple times, and Defendant (through its agents, other employees, managers, and supervisors) made no attempt to remedy the situation, but rather ignored Plaintiff's complaints, treated Plaintiff with disdain, took disciplinary action against Plaintiff, and ultimately caused Plaintiff's constructive discharge from employment.

122.     Plaintiff's complaints and protected activities were the reason the severe and pervasive harassment, and retaliation occurred.

19

123.    Defendant's retaliation against Plaintiff directly and materially affected a term, condition, or privilege of Plaintiff's employment because the conditions were continuous, outrageous, humiliating, and unreasonably interfered with Plaintiff's ability to perform the functions of his employment.

124.    By taking actions against Plaintiff in retaliation for his complaints and protected activity, and by not taking action to stop Plaintiff's coworkers and supervisors from retaliating against and harassing Plaintiff, Defendant ratified, authorized and/or condoned the conduct of its agents and employees.

125.    Defendant knew of the retaliation and failed to take appropriate action, or any remedial action whatsoever.

126.    Plaintiff was ultimately constructively discharged from his job in retaliation for making complaints of illegal discrimination.

127.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

128.    As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress, mental anguish, pain and suffering, and related compensatory damages.

129.    By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified, and/or authorized the retaliation against Plaintiff.

130.    As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus, justifying an award of punitive damages in

an amount sufficient to punish Defendant or to deter them and other companies from the conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Defendant for economic damages, including, but not limited to: back pay, lost benefits and front pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorney fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues addressed herein.

Respectfully submitted,

HOLMAN SCHIAVONE, LLC

By: /s/ Ashley H. Atwell-Soler
Ashley H. Atwell-Soler #60931
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
aatwell@hslawllc.com

21

Electronically Filed - Jackson - Independence - May 28, 2021 - 02:53 PM

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 846-2020-26564 |

**Missouri Commission On Human Rights** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Miguel A. Nunez** | ▮▮▮▮▮ | ▮▮▮ |

| Street Address | City, State and ZIP Code |
|---|---|
| ▮▮▮▮▮▮▮ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **WABTEC** | **500 or More** | **(816) 245-5450** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4800 Derramus, Kansas City, MO 64120** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

## DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| ☐ RACE | ☐ COLOR | ☒ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
|---|---|---|---|---|
| ☐ RETALIATION | ☐ AGE | ☐ DISABILITY | ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | | | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **08-01-2019** Latest: **08-05-2020**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired in or about September 2011 as an Assembling and Testing Operator with Wabtec.

Since in or about August 2019, I was subjected to workplace harassment because of my sexual orientation. While on a job break, my Supervisor, me, and others were gathered together and a person within the group passed gas. My Supervisor moved away from me and said to the others in Spanish, "el maricon, se cago!" (the fagot shitted!). That same day, I made a complaint to the Manager of my Supervisor. The Manager called my Supervisor and two other people that were in the group. Nothing happened with my complaint because they started to lie saying that they were not talking about me but about a movie.

In or about November 2019, coworkers were talking loudly, and I overheard them talking about a lady called Maria, Miguel's wife and I assumed it was my wife because that was her name. They were

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 08-06-2020 *Date* ___ *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# Exhibit A

Electronically Filed - Jackson - Independence - May 28, 2021 - 02:53 PM

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>846-2020-26564 |
| --- | --- | --- |

| Missouri Commission On Human Rights | and EEOC |
| --- | --- |
| *State or local Agency, if any* | |

saying that my wife had big breasts and that she had a black boyfriend. I confronted them, and they denied that they were talking about my wife. I made a report about it.

In or about December 2019, two coworkers were talking about my son saying that my son had an ugly name. I made a report about it.

In or about March 2020, during the COVID-19 pandemic, we were told to eat our lunch outside. My coworkers would put their lunch boxes/bags on the seat so that I could not seat where I normally used to sit.

In or about April 2020, a coworker came to me and started asking if I knew who took some belongings from his area and scratched a female coworker's car. I told them that I didn't know and to ask the manager for the video footage of the cameras to prove that I was not the person. That same day, I went to my coworker's area and he called me in Spanish "maricon de closet" (closet fagot). That same month, another Supervisor while passing through a narrow hallway that I was in, touch my rear end twice in the same day and I confronted the Supervisor. I made a report about it.

In or about July 2020, a coworker scribbled some nasty words in the male bathroom and another employee was told to paint over the scribble. After our shift, the employee that painted the scribble was outside and while I was passing by him, I heard him say, here comes the gay man.

On or about August 3, 2020, I had to stay 30 minutes after my regular shift had ended. A coworker started to say to another coworker that the company was giving out overtime because workers are with the Manager giving oral (Spanish – estan con el majordomo hacienda espuma). On or about August 5, 2020, I was sitting behind a coworker and the coworker told me in Spanish, "quitate de ahi so maricon" (get out of there you fagot).

I believe that I have been subjected to workplace harassment because of my sex (male/sexual orientation) in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| --- | --- |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 08-06-2020<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

## MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

**MICHAEL L. PARSON**
GOVERNOR

**ANNA S. HUI**
DEPARTMENT DIRECTOR

**MARTHA STAGGS**
COMMISSION CHAIR

**ALISA WARREN, PH.D.**
EXECUTIVE DIRECTOR

Miguel A. Nunez

RE:   Nunez vs. WABTEC
      FE-8/20-32442    846-2020-26564

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren Ph.D.
Executive Director

WABTEC
4800 Derramus
Kansas City, MO  64120

February 3, 2021
Date

Ashley H. Atwell-Soler
Holman Schiavone
4600 Madison Ave., Suite 810
Kansas City, MO 64112
*Via email*

# Exhibit B

EEOC Form 161-B (11/2020)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Miguel A. Nunez | | From: | Kansas City Area Office<br>Gateway Tower II<br>400 State Avenue, Suite 905<br>Kansas City, KS 66101 |
|---|---|---|---|---|

|  | ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2020-26564 | **Stephanie A. Williams,**<br>**Investigator** | **(913) 340-8832** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

Alfred C. Kirk Jr.
On behalf of the Commission
Digitally signed by Alfred C. Kirk Jr.
Date: 2021.05.12 07:01:19 -05'00'

May 12, 2021
*(Date Issued)*

Enclosures(s)

For:  **Natascha Deguire,**
**Area Office Director**

cc:
**Ashley Workman**
**Global Sr. Director of Labor and Employment**
**WABTEC GLOBAL SERVICES**
**30 Isabella Street**
**Pittsburgh, PA 15212**

**Ashley Atwell-Soler**
**HOLMAN SCHIAVONE, LLC**
**4600 Madison Street, Suite 810**
**Kansas City, MO 64112**

# Exhibit C

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**  **--**  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**  **--**  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**  **--**  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**  **--**  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Electronically Filed - Jackson - Independence - May 28, 2021 - 02:53 PM

Enclosures(s)

cc:     **James A. Holt**
        **Reed Smith LLP**
        **225 Fifth Avenue**
        **Suite 1200**
        **Pittsburgh, PA 15222**

Electronically Filed - Jackson - Independence - May 28, 2021 - 02:53 PM

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | **563-2021-00181** |

## Missouri Commission on Human Rights

and EEOC

| NAME *(Indicate Mr., Ms., Mrs.)*<br>**Miguel A. Nuñez** | HOME TELEPHONE *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME<br>**WABTEC Corporation** | NUMBER OF EMPLOYEES, MEMBERS<br>**Over 10,000** | TELEPHONE *(Include Area Code)*<br>**(816) 245-5450** |
|---|---|---|

| STREET ADDRESS<br>**4800 Derramus, Kansas City, MO 64120** | CITY, STATE AND ZIP CODE | COUNTY<br>**Jackson** |
|---|---|---|

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ AGE
☒ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☒ Other

DATE DISCRIMINATION TOOK PLACE
EARLIEST *(ADEA/EPA)*     LATEST *(ALL)*
08-01-2019- Present

☒ CONTINUING ACTION

**PARTICULARS:**

This Charge is related to, incorporates, and expands upon Charge #846-2020-26564.

Additional Addresses/ Name for the Respondent:

Westinghouse Air Brake Technologies, Inc. / Wabtec Corporation
30 Isabella St
Pittsburgh, PA 15212

Miguel Nuñez had worked for WABTEC since approximately September 2011 as an Assembling Testing Operator before being discriminated against, retaliated against, and constructively discharged on or about September 16, 2020.

Since in or about August 2019, Miguel Nuñez has been subjected to workplace discrimination, retaliation, and harassment based on his gender, gender stereotyping, and his sexual orientation (bisexual). This discrimination and retaliation includes, but is not limited to the following:
(See additional pages)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT |
| 10-15-2020 ✗ *[signature]*<br>Date     Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) |

# Exhibit D

While on a job break, Miguel's Supervisor Victor Mejia, Miguel, and others were gathered together and a person within the group passed gas. Supervisor Mejia then moved away from Miguel and said to the other in Spanish, ' el maricon se cagó' (the fa*ot shitted), and the other workers laughed. That same day, Miguel Nuñez made a complaint to Victor Mejia's direct Manager, Daniel Ariola. Instead of conducting an investigation, Manager Daniel Ariola just gathered Miguel Nuñez, Victor Mejia, and the other two WABTEC employees all together and asked them, all in front of each other, about Nuñez's complaint. All of the participants and Mejia lied about the incident, and upper Management did nothing further to investigate Nuñez's complaint. In or about November 2019, Nuñez heard coworkers talking loudly about a lady named Maria, Miguel's wife, and Miguel assumed it was his wife, because her name is Maria. They were saying that Miguel's wife had big breasts and that she has a boyfriend who is black. Miguel confronted them, and they denied they were talking about his wife. Miguel reported the incident to Daniel Ariola. Again, Ariola failed to investigate the complaint, and suggested to Nuñez that he should just ignore it.

In or about December 2019, two workers began talking about Miguel Nuñez and that his son had an ugly name. Once again, he reported the incident, and no action was taken.

In or about March 2020, during the COVID-19 Pandemic, WABTEC employees were instructed to eat lunch outside for safety reasons. When Miguel Nuñez went out to each lunch, co-workers put their lunch boxes on the place where he would normally sit so that he could not sit down. He took this as both discrimination against him, and an act of retaliation for his previous complaints.

In or about April 2020, A co-worker, Rafael, approached Miguel and asked him if he knew who had taken some belongings from his work area and scratched a female coworkers' car. Miguel told them that he didn't know and suggest he ask the manager for the video footage to prove that Miguel was not involved. Later that day, Rafael called Miguel a 'maricon de closet'(closet faggot). Also in April 2020, another Supervisor, Dwayne, touch Miguel twice on his rear end. Miguel reported this as well, and no action was taken.

In or about July 2020, a coworker wrote a gay slur about Miguel in the men's bathroom. Another employee painted over the words. After Miguel's shift, the same coworker who wrote the gay slur said 'here comes the gay man' as Miguel walked down the hall. On or about July 22, a co-worker also left a note with a gay slur on a machine that Miguel had to turn on every day.

On or about August 3, 2020, Miguel has to stay 30 minutes after his regular shift to make up for some time off. When a coworker saw that Miguel was staying late, they made a comment that 'the company was giving out overtime because Miguel was performing oral sex on the Manager. In Spanish they said 'está con el majordomo haciendo espuma). Miguel reported this commentary to Daniel Ariola, and again, he did nothing. On or about August 5, 2020, Miguel was sitting behind a co-worker, and the co-worker told him 'get out of there faggot'('quitate de ahi maricon').

On August 6, 2020, after nearly a year of trying to get Management to act to remediate the situation and protect Miguel Nuñez's right to a discrimination and retaliation free workplace, he filed a Charge with the EEOC and Missouri Human Rights Commission outlining the above Complaints. After his Charge was filed and WABTEC and WABTEC Management found out about the Charge, the discrimination and retaliation against Miguel Nuñez only got worse.

After Miguel filed the Charge of Discrimination, his direct supervisor, Victor Mejia, began insulting him directly to the face and harassing him, calling him 'joto' or 'fag' right to his face, and in front of Miguel's co-workers. Mejia organized the other workers to bully Miguel and even organized the workers to make fun of the actual Charge of Discrimination that Miguel had filed. They were laughing about Miguel's Charge of Discrimination in a meeting in front of approximately 20 co-workers.

Desperate for help, in addition to his many complaints at work, Miguel Nuñez contacted Daniel Ariola, a manager and Victor's direct boss, via cell phone and text messages to try to get Daniel to help him. Daniel did not take Miguel's complaints seriously, did not ask Human Resources to get involved, and did not discipline Victor Mejia or anyone else in any way.

*Miguel a Nuñez Hz* 10-15-2020

Electronically Filed - Jackson - Independence - May 28, 2021 - 02:53 PM

By early September 2020, the discrimination, retaliation, and harassment became constant. All day long Miguel's Supervisor Victor Mejia and several co-workers would harass him, call him names, and try to get a reaction out of him.

By September 16, 2020, Miguel Nuñez could not tolerate the discrimination, harassment, retaliation and bullying any longer. He was forced to leave his job, constructively discharged due to his treatment. Even when he told Management he was leaving, they continued trying to harass him, taking him in to the office and trying to force him to sign resignation paperwork.

As a result of all of the above, Miguel Nuñez has suffered lost wages, anguish, humiliation, emotional distress, and other damages.

10-15-2020



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

MICHAEL L. PARSON
GOVERNOR

ANNA S. HUI
DEPARTMENT DIRECTOR

MARTHA STAGGS
COMMISSION CHAIR

ALISA WARREN, PH.D.
EXECUTIVE DIRECTOR

May 17, 2021

Miguel A. Nunez

*Via Complainant Attorney Email*

## NOTICE OF RIGHT TO SUE

RE:   Nunez vs. WABTEC Corp.
      FE-10/20-32417    563-2021-00181

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

(continued on next page)

☑                           ☐                           ☐                           ☐
JEFFERSON CITY OFFICE          ST. LOUIS OFFICE           KANSAS CITY OFFICE            SIKESTON OFFICE
421 E. DUNKLIN ST.         111 N. 7TH STREET, SUITE 903      P.O. BOX 1129          106 ARTHUR STREET, SUITE D
P.O. BOX 1129              ST. LOUIS, MO 63101-2100      JEFFERSON CITY, 65102-1129    SIKESTON, MO 63801-5454
JEFFERSON CITY, MO 65102-1129    PHONE: 314-340-7590         FAX: 816-889-3582            FAX: 573-472-5321
PHONE: 573-751-3325           FAX: 314-340-7236
FAX: 573-751-2905
*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri. Any such petition must be filed in the Circuit Court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director


Ashley Workman
Global Senior Director of Labor and Employment
WABTEC GLOBAL SERVICES
30 Isabella Street
Pittsburgh, PA 15212

James A. Holt
Reed Smith, LLP
226 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222

Ashley Atwell Soler
Holman Schiavonne, LLC
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
*Via Email*

☑
JEFFERSON CITY OFFICE
421 E. DUNKLIN ST.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐
ST. LOUIS OFFICE
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐
KANSAS CITY OFFICE
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
FAX: 816-889-3582

☐
SIKESTON OFFICE
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

Electronically Filed - Jackson - Independence - May 28, 2021 - 02:53 PM

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Miguel A. Nunez | From: | Kansas City Area Office<br>Gateway Tower II<br>400 State Avenue, Suite 905<br>Kansas City, KS 66101 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **563-2021-00181** | **Stephanie A. Williams,**<br>**Investigator** | **(913) 340-8832** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| ☒ | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| ☒ | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

Alfred C. Kirk Jr.    On behalf of the Commission    Digitally signed by Alfred C. Kirk Jr.
Date: 2021.05.12 07:09:56 -05'00'

| Enclosures(s) | For: | **Natascha Deguire,**<br>**Area Office Director** | May 12, 2021<br>*(Date Issued)* |
|---|---|---|---|

cc:
**Ashley Workman**
**Global Sr. Director of Labor and Employment**
**WABTEC GLOBAL SERVICES**
**30 Isabella Street**
**Pittsburgh, PA 15212**

**Ashley Atwell-Soler**
**HOLMAN SCHIAVONNE LLC**
**4600 Madison Ave, Ste 810**
**Kansas City, MO 64112**

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Electronically Filed - Jackson - Independence - May 28, 2021 - 02:53 PM

Enclosures(s)

cc:   **James A. Holt**
**Reed Smith LLP**
**225 Fifth Avenue**
**Suite 1200**
**Pittsburgh, PA 15222**

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
☐ **AT KANSAS CITY** ☒ **AT INDEPENDENCE**

Miguel Nunuz,
_____
PETITIONER/PLAINTIFF,

VS.                                                    CASE NO. ___2116-CV09884___

WABTEC Corporation a/k/a Westinghouse
_Air Break Technologies Corporation___
RESPONDENT/DEFENDANT.

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

COMES NOW Requestor in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

Legal Name ____Ron Rugen_____

Registration No. (if applicable)___PPS21-0018_____

The Requestor states that:
☐   The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".
☐   The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.
☒   The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

____/s/ Ashley H. Atwell -Soler_____        _____Ashley H Atwell-Soler_____
Signature of Requesting Party                              Printed Name of Requesting Party

## ORDER

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_____        _____
DATE                                                              JUDGE

Revised Oct 2016

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

MIGUEL NUÑEZ,                                    )
                                                )
                    Plaintiff,                  )
                                                )
v.                                              )
                                                )        Case No.: 2116-CV09884
WABTEC Corporation a/k/a Westinghouse           )
Air Brake Technologies Corporation,            )
                                                )
                    Defendant.                  )        **JURY TRIAL DEMANDED**
Serve Registered Agent:                         )
CSC-Lawyers Incorporating Service Co.           )
221 Bolivar Street                              )
Jefferson City, MO 65101                        )

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Plaintiff hereby moves the Court, pursuant to Rule 54.21, for an Order extending the current deadline for Plaintiff to serve Defendant WABTEC Corporation a/k/a Westinghouse Air Brake Technologies Corporation to July 1, 2021. Plaintiff provides a proposed order granting this motion pursuant to Local Rule 33.5(6), and provides the following support:

1.     Plaintiff commenced this action against defendant on May 4, 2021.

2.     The Court issued a summons for Defendant WABTEC Corporation a/k/a Westinghouse Air Brake Technologies Corporation on May 5, 2021.

3.     Service typically must be effectuated within thirty days after the Court issues the summons; however, the Court may extend the deadline for "up to ninety days." *See* Rule 54.21.

4.     Extending the deadline until July 1, 2021, should provide ample time for the Court to rule on this motion and for Plaintiff to serve Defendant WABTEC Corporation.

5.     The Case Management Conference in this case is set for September 3, 2021, and should not be affected by this motion being granted.

6.    Plaintiff will contemporaneously provide a proposed order granting this Motion for the Court's convenience.

WHEREFORE, Plaintiff respectfully requests that the deadline to serve Defendant WABTEC Corporation a/k/a Westinghouse Air Brake Technologies Corporation with the summons issued on May 5, 2021, be extended until July 1 2021.

*Respectfully Submitted,*

HOLMAN SCHIAVONE, LLC

By: */s/ Ashley H. Atwell-Soler*
Ashley H. Atwell-Soler #60931
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
aatwell@hslawllc.com
**ATTORNEY FOR PLAINTIFF**

Electronically Filed - Jackson - Independence - May 04, 2021 - 05:04 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | | |
|---|---|---|
| MIGUEL NUÑEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: |
| WABTEC Corporation a/k/a Westinghouse | ) | |
| Air Brake Technologies Corporation, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |
| Serve Registered Agent: | ) | |
| CSC-Lawyers Incorporating Service Co. | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |

## PETITION

**COMES NOW** Plaintiff Miguel Nuñez, by and through the undersigned counsel, and for his claims against the Defendant identified above, states and alleges as follows:

## INTRODUCTION

1. The claims in this Petition arise out of Plaintiff's employment relationship with Defendant.

2. The unlawful conduct alleged herein took place at Plaintiff's place of employment, which was located at 4800 Derramus, Kansas City, Missouri, 64120.

3. In violation of the Missouri Human Rights Act ("MHRA"), Plaintiff was subjected to unlawful harassment, discrimination, and retaliation.

4. Plaintiff seeks all relief available under the MHRA, including but not limited to compensatory and punitive damages.

## PARTIES

5.      Plaintiff is now, and was at all times relevant to the allegations in this Petition, a male resident and citizen of Jackson County, Missouri.

6.      Defendant WABTEC Corporation is a Pennsylvania Corporation registered to do business in the State of Missouri.

7.      At all relevant times, Defendant was conducting business at 4800 Derramus in Kansas City, Missouri.

8.      Defendant was an employer of Plaintiff within the meaning of the Missouri Human Rights Act, R.S.Mo. § 213.010 et seq.

9.      Defendant is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

## JURISDICTION AND VENUE

10.     Plaintiff was subjected to multiple discriminatory and retaliatory acts complained of herein in Jackson County, Missouri, making this Court an appropriate forum.

11.     Defendant engaged in business in the State of Missouri and more specifically, Jackson County, Missouri, allowing this Court to assert personal jurisdiction over Defendant.

## ADMINISTRATIVE PREREQUISITES

2

12.     On August 6, 2020 Plaintiff timely filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR"). A copy is attached hereto as **Exhibit A** and is incorporated herein by reference.

13.     On February 3, 2021, the MCHR issued Plaintiff a Notice of Right to Sue, authorizing Plaintiff to file a lawsuit based on the afore-mentioned Charge of Discrimination. A copy of the right to sue notice is attached hereto as **Exhibit B** and is incorporated herein by reference.

14.     This action has been timely filed with this Court, and Plaintiff has met all conditions precedent to filing this action.

15.     Venue is proper in the Independence Division of the Jackson County Circuit Court because Plaintiff's first injury and multiple acts of discrimination alleged herein occurred in Jackson County, Missouri, within this court's territorial jurisdiction.

## **PARTICULARS**

16.     Defendant is a privately owned company in the rail and transportation industry.

17.     Plaintiff began his employment with Defendant in approximately September of 2011 as an Assembling and Testing Operator in Defendant's Kansas City, Missouri facility.

18.     Plaintiff had good job performance throughout his tenure with WABTEC, and received various increases in salary from September 2011 until the end of his employment.

19.     Plaintiff is a bisexual male.

3

20.    In approximately August of 2019, Plaintiff began to experience workplace discrimination and harassment based on his gender and sexual orientation.

21.    From August 2019 until the end of his employment, Plaintiff was subjected to workplace discrimination, retaliation, and harassment based on his gender, gender stereotyping, and his sexual orientation (bisexual).

22.    From August 2019 until the end of his employment, Plaintiff was subjected to frequent harassment about his sexual orientation by both supervisor and co-workers.

23.    Supervisors and co-workers frequently referred to Plaintiff with derogatory terms for gay people in English and Spanish, and constantly discussed Plaintiff's sexual orientation.

24.    By way of example, in approximately August of 2019, after someone in the work area had passed gas, Plaintiff's Supervisor, Victor Mejia, pointed at Plaintiff and stated 'el maricon se cagó' ('the fa\*\*ot shit himself') and laughed.  Other workers joined in laughing with Plaintiff's Supervisor.

25.    That same day, Plaintiff made a complaint to Victor Mejia's direct Manager, Daniel Ariola.

26.    Instead of conducting an investigation, Manager Daniel Ariola just gathered Miguel Nuñez, Victor Mejia, and the other employees who had laughed at the incident in one big group and asked them, as a group, about Plaintiff's Complaint.

27.    When the participants denied their conduct, Ariola did nothing to further investigate the Complaint.

28.    Manager Ariola failed to conduct a proper investigation, failed to take Plaintiff's complaints seriously, and failed to remedy the situation.

4

Electronically Filed - Jackson - Independence - May 04, 2021 - 05:04 PM

29. Throughout the fall of 2019, Plaintiff's Supervisor Victor Mejia and several co-workers continued to treat him less favorably than other workers and to make derogatory comments about his sexual orientation. Plaintiff continued to report to Daniel Ariola, but no action was taken.

30. In addition to the derogatory comments, Plaintiff's supervisor and co-workers socially ostracized him at the work place. Co-workers made rude and demeaning comments about Plaintiff's wife and Plaintiff's son, and threatened to 'tell the people in his hometown that he was gay' on multiple occasions.

31. Plaintiff made many reports about these incidents to manager Daniel Ariola. Ariola failed to take action on Plaintiff's complaints. Plaintiff's direct supervisor, Victor Mejia, continued to participate in and cheerlead the harassment and discrimination.

32. Mejia also criticized Plaintiff's work more harshly and delayed giving him a raise past the normal time when other workers were receiving annual raises.

33. When Mejia did give Plaintiff a raise, he scolded him and told him he didn't deserve it. Plaintiff took Mejia's delay of the raise, and his comments following, as retaliation for his complaints about sex discrimination and harassment.

34. After Plaintiff's complaints, Mejia targeted Plaintiff for more difficult work.

35. In or about March 2020, shortly after COVID-19 protocols were put in place, WABTEC employees were instructed to eat lunch outside for safety reasons.

36. When Plaintiff went out to each lunch, co-workers put their lunch boxes on the place where he would normally sit so that he could not sit down. He took this as both discrimination against him, and an act of retaliation for his previous complaints.

5

Electronically Filed - Jackson - Independence - May 04, 2021 - 05:04 PM

37.     In or about April 2020, A co-worker, Rafael, approached Plaintiff in an accusatory manner and asked him if he knew who had taken some belongings from his work area and scratched a female coworkers' car. Plaintiff told him that he didn't know and suggested he ask the manager for the video footage.

38.     Later that day, the same co-worker, Rafael called Plaintiff a 'maricón de closet' (derogatory term for gay). Plaintiff reported this incident, and no action was taken by Management.

39.     Also in April 2020, another Supervisor, Dwayne, touched Plaintiff twice in an inappropriate manner on his rear end. Plaintiff reported this as well, and no action was taken.

40.     Throughout the Spring and early Summer of 2020, the harassment towards Plaintiff continued and increased in intensity. Despite his frequent reports to Daniel Ariola, no action was taken to remedy the situation, and Plaintiff was forced to endure the harassment on a daily basis. The harassment became so severe that it devolved into an atmosphere of constant harassing and bullying of Plaintiff.

41.     In retaliation for his Complaints, Plaintiff's Supervisors targeted him for unfair workplace discipline and more difficult work assignments, and his other co-workers continued their harassment and socially ostracized Plaintiff.

42.     In or about July 2020, a coworker wrote a gay slur about Plaintiff in the men's bathroom. Another employee painted over the words. After Plaintiff's shift, the same coworker who wrote the gay slur said 'here comes the gay man' as Plaintiff walked down the hall.

6

43.     On or about July 22, a co-worker also left a note with a gay slur on a machine that Plaintiff had to turn on every day.

44.     On or about August 3, 2020, Plaintiff had to stay thirty minutes after his regular shift to make up for some time off. When a coworker saw that Plaintiff was staying late, they made a comment that 'the company was giving out overtime because Miguel was performing oral sex on the Manager'. In Spanish they said 'está con el mayordomo haciendo espuma'.

45.     Plaintiff reported this commentary to Daniel Ariola, and again, he did nothing.

46.     On or about August 5, 2020, Plaintiff was sitting behind a co-worker, and the co-worker told him 'get out of there fa**ot'('quitate de ahi maricon').

47.     On August 6, 2020, after nearly a year of trying to get Management to act to remediate the situation and protect Plaintiff's right to a discrimination and retaliation free workplace, he filed a Charge with the EEOC and Missouri Human Rights Commission.

48.     After his Charge was filed and management found out about the Charge, the discrimination and retaliation against Plaintiff only got worse.

49.     Shortly after Plaintiff filed his August 6, 2020 Charge of Discrimination, his direct supervisor, Victor Mejia, began insulting him directly to the face and harassing him, calling him 'joto' or 'fag' right to his face, and in front of Plaintiff's co-workers.

50.     Mejia organized the other workers to bully Plaintiff and even organized the workers to make fun of the actual Charge of Discrimination that Plaintiff had filed. Mejia

7

and others were laughing about Plaintiff's Charge of Discrimination in a meeting in front of approximately 20 co-workers.

51.     Desperate for help, in addition to his many complaints at work, Plaintiff also contacted manger Daniel Ariola via cell phone and text messages to try to get Ariola to help him. Ariola did not take Plaintiff's complaints seriously, did not ask Human Resources to get involved, and did not discipline Victor Mejia or anyone else in any way.

52.     By early September 2020, the discrimination, retaliation, and harassment became constant. All day long and on a daily basis, Plaintiff's Supervisor Victor Mejia and several co-workers would harass him, call him names, and try to get a reaction out of him.

53.     By September 16, 2020, Plaintiff could not tolerate the discrimination, harassment, retaliation and bullying any longer. He was forced to leave his job, constructively discharged due to his treatment. Even when he told Management he was leaving, they continued trying to harass him, taking him in to the office and trying to force him to sign resignation paperwork.

54.     The individuals mentioned above who are responsible or were involved in the decisions not to discipline supervisor Victor Mejia or the other co-workers who harassed, discriminated against, and bullied Plaintiff for being bisexual and because of his sex were acting within the course and scope of their employment, and/or their actions were done knowingly by their employers, making their employers vicariously liable for Plaintiff's damages and constructive discharge.

8

55.     Management employee Victor Mejia was directly involved in the harassment and retaliation Plaintiff suffered and exercised his authority as a supervisor in doing so, and was therefore directly acting in the interests of Defendant.

56.     Defendant knew gender discrimination and harassment, harassment and discrimination based on sexual orientation, and retaliation were unlawful at the time Plaintiff was subjected to harassment and retaliation.

57.     Defendant created intolerable working conditions such that a reasonable person in Plaintiff's position would have had no reasonable alternative but to resign.

58.     At all relevant times, both Mejia and Ariola were acting within their managerial capacity and within the scope of employment.

59.     Defendant ratified and approved of Victor Mejia's actions by including, but not limited to, leaving Mejia in a supervisory role over Plaintiff.

**COUNT I**
**SEX DISCRIMINATION AND HOSTILE WORK ENVIRONMENT (SEXUAL HARASSMENT) IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT –**
**R.S. Mo. §213.055**

60.     Plaintiff hereby incorporates all previous paragraphs, and those that follow, by reference, as if fully set forth herein.

61.     While Plaintiff, a bisexual male and a member of a protected class, was employed by Defendant, he was subjected to unwelcome harassment from his supervisor and co-workers that was motivated by his sex in violation of the Missouri Human Rights Act. Plaintiff was targeted for sexual harassment because he is a bisexual man.

62.     The unwelcome sexual harassment was sufficiently severe or pervasive as to alter the conditions of his employment and create an abusive, hostile, intimidating and offensive working environment because of his sex.

9

63.     The harassment was subjectively intimidating and/or offensive to Plaintiff and would have been so intimidating and/or offensive to a reasonable person.

64.     This unwelcome sexual harassment adversely affected Plaintiff's terms, conditions, and privileges of his employment.

65.     Defendant had actual and/or constructive notice of said unlawful conduct and failed to take prompt remedial action.

66.     As a direct and proximate result of Defendant's conduct described herein Plaintiff sustained degradation, pain, anguish, anxiety, and distress.

67.     By failing to stop Mejia's and others offensive sexual conduct when it was first made known, Defendant exacerbated the sexually hostile environment and sexual discrimination in Plaintiff's workplace.

68.     The supervisor's harassment had the purpose or effect of unreasonably interfering with Plaintiff's work performance in that it caused him stress, anxiety, and degradation, and ultimately led to his constructive discharge.

69.     Defendant is vicariously liable for the acts of its supervisors and aided and compelled the harassment against Plaintiff.

70.     The harassment Defendant subjected Plaintiff to was offensive, created an abusive work environment, and affected the terms and conditions of Plaintiff's employment, in that the Plaintiff suffered from a hostile work environment, was targeted for undue criticism, and ultimately was constructively discharged.

71.     Plaintiff experienced harassment so intolerable that a reasonable person in the same position would have felt compelled to resign, resulting in his constructive discharge from employment.

10

Electronically Filed - Jackson - Independence - May 04, 2021 - 05:04 PM

72.    As a result of Defendant's harassment of Plaintiff and the failure of Defendant to take prompt and effective remedial action to stop the harassment and hostile work environment, as alleged herein, Plaintiff has suffered lost wages and benefits of employment.

73.    As a result of Defendant's harassment of Plaintiff and the failure of Defendant to take prompt and effective remedial action to stop the harassment and hostile work environment, as alleged herein, Plaintiff has suffered emotional distress, humiliation, inconvenience, and mental anguish.

74.    As a result of Defendant's harassment of Plaintiff and the failure of Defendant to take prompt and effective remedial action to stop the harassment and hostile work environment, as alleged herein, Plaintiff has incurred attorneys' fees and costs of litigation.

75.    Defendant's actions and conduct, as set forth herein, intentionally harmed Plaintiff without just cause or Defendant acted with a deliberate and flagrant disregard for his safety.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor against Defendant for compensatory and punitive damages permitted by § 213.111 (2) and pursuant to §510.261(5), prejudgment interest, as well as for appropriate equitable, declaratory and injunctive relief, attorneys' fees and costs and for such other relief as may be just and proper under the circumstances.

### COUNT II

**Violation under Mo. Rev. Stat. 213.055 *et seq.* Sex Discrimination**

11

76. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

77. Plaintiff was discriminated against by Defendants because of his sex.

78. Defendant discriminated against Plaintiff based on impermissible sex stereotyping constituting sex discrimination.

79. All actions or inactions of or by Defendant occurred by or through their owners, agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

80. Defendants' actions constitute unlawful employment discrimination against

Plaintiff in violation of the Missouri Human Rights Act at § 213.055 of the Missouri Revised Statutes, as alleged herein.

81. As a direct and proximate result of the unlawful conduct of Defendants, as set forth herein, Plaintiff has suffered damages which include: mental anguish, emotional distress, pain and suffering, loss of past and future wages, a detrimental job record, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses, all of a continuing and permanent nature.

82. The conduct of Defendants was outrageous and evidenced an evil motive or reckless indifference for the rights of Plaintiff and the rights of others.

83. Plaintiff is also entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor against Defendant for compensatory and punitive damages permitted by § 213.111 (2) and

12

pursuant to §510.261(5), prejudgment interest, as well as for appropriate equitable, declaratory and injunctive relief, attorneys' fees and costs and for such other relief as may be just and proper under the circumstances.

**COUNT III**
**RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT-**
**R.S. Mo. §213.070(2)**

84.     Plaintiff hereby incorporates all previous paragraphs, and those that follow, by reference, as if fully set forth herein.

85.     Plaintiff engaged in protective activity under the MHRA when he reported workplace discrimination and sexual harassment on multiple occasions, including in August 2019 and on numerous times between August 2019 and his constructive discharge in September 2020.

86.     Beginning in or about August 2019, and continuing until Plaintiff was constructively discharged, Defendant engaged in retaliatory acts that were motivated by Plaintiff's decision, and protected right, to report acts of harassment based on his sex and the subsequent retaliation.

87.     Defendant, by its actions and failures to act, including but not limited to those described above, discriminated against Plaintiff on the basis of sex and retaliated against him in violation of the Missouri Human Rights Act.

88.     As a direct and proximate cause of Defendant's retaliation against Plaintiff, as alleged herein, Plaintiff has suffered lost wages and benefits of employment.

89.     As a result of Defendant's retaliation against Plaintiff, as alleged herein, Plaintiff has suffered emotional distress, humiliation, inconvenience, mental anguish and loss of enjoyment of life.

13

90.    As a result of Defendant's retaliation against Plaintiff, as alleged herein, Plaintiff has incurred attorneys' fees and costs of litigation.

91.    Defendant's actions and conduct, as set forth herein, intentionally harmed Plaintiff without just cause or Defendant acted with a deliberate and flagrant disregard for his safety.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor against Defendant for compensatory and punitive damages permitted by § 213.111 (2) and pursuant to §510.261(5), prejudgment interest, as well as for appropriate equitable, declaratory and injunctive relief, attorneys' fees and costs and for such other relief as may be just and proper under the circumstances.

**COUNT IV**
**CONSTRUCTIVE DISCHARGE IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

92.    Plaintiff incorporates by reference the allegations in all other paragraphs as if fully set forth herein.

93.    Due to Defendant's failure to assist Plaintiff, despite his complaints of discrimination, harassment, and retaliation, and Defendant's failure to improve the hostile environment, but instead harassing Plaintiff, targeting him for unfair workplace criticism, and denying him the opportunity to fully express his discrimination and harassment complaints, Plaintiff's working environment became so hostile and intolerable that he was forced to resign, i.e., constructively discharged.

94.    Through their continuous pattern of discriminatory treatment, including but not limited to social ostracism, joking about and making light of Plaintiff's complaints, writing derogatory words about Plaintiff in his work areas, and continued targeting and

14

harassment, Defendant deliberately rendered Plaintiff's working conditions intolerable, as alleged herein.

95.     The working conditions to which Plaintiff was subjected would have been regarded to be hostile and intolerable by a reasonable person.

96.     Defendant's constructive discharge of Plaintiff was intentional, willful, malicious, and calculated toward Plaintiff and thus such conduct constituted willful violations of the law.

97.     Defendant's actions and conduct, as set forth herein, intentionally harmed Plaintiff without just cause or Defendant acted with a deliberate and flagrant disregard for his safety and well-being.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor against Defendant for compensatory and punitive damages permitted by § 213.111 (2) and pursuant to §510.261(5), prejudgment interest, as well as for appropriate equitable, declaratory and injunctive relief, attorneys' fees and costs and for such other relief as may be just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues addressed herein.

Respectfully submitted,

**HOLMAN SCHIAVONE, LLC**

By: */s/ Ashley H. Atwell-Soler*
Ashley H. Atwell-Soler #60931
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
aatwell@hslawllc.com

15

Electronically Filed - Jackson - Independence - May 04, 2021 - 05:04 PM

# Exhibit A

Electronically Filed - Jackson - Independence - May 04, 2021 - 05:04 PM

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2020-26564 |

| Missouri Commission On Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Miguel A. Nunez** | ▮▮▮▮▮ | ▮▮▮ |

| Street Address | City, State and ZIP Code |
|---|---|
| ▮▮▮▮▮▮▮▮▮▮ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **WABTEC** | **500 or More** | **(816) 245-5450** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4800 Derramus, Kansas City, MO 64120** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **08-01-2019** | **08-05-2020** |
| ☒ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I was hired in or about September 2011 as an Assembling and Testing Operator with Wabtec.**

**Since in or about August 2019, I was subjected to workplace harassment because of my sexual orientation. While on a job break, my Supervisor, me, and others were gathered together and a person within the group passed gas. My Supervisor moved away from me and said to the others in Spanish, "el maricon, se cago!" (the fagot shitted!). That same day, I made a complaint to the Manager of my Supervisor. The Manager called my Supervisor and two other people that were in the group. Nothing happened with my complaint because they started to lie saying that they were not talking about me but about a movie.**

**In or about November 2019, coworkers were talking loudly, and I overheard them talking about a lady called Maria, Miguel's wife and I assumed it was my wife because that was her name. They were**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 08-06-2020 _~~signature~~_<br>Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Charging Party Signature | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2020-26564 |

| Missouri Commission On Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

saying that my wife had big breasts and that she had a black boyfriend. I confronted them, and they denied that they were talking about my wife. I made a report about it.

In or about December 2019, two coworkers were talking about my son saying that my son had an ugly name. I made a report about it.

In or about March 2020, during the COVID-19 pandemic, we were told to eat our lunch outside. My coworkers would put their lunch boxes/bags on the seat so that I could not seat where I normally used to sit.

In or about April 2020, a coworker came to me and started asking if I knew who took some belongings from his area and scratched a female coworker's car. I told them that I didn't know and to ask the manager for the video footage of the cameras to prove that I was not the person. That same day, I went to my coworker's area and he called me in Spanish "maricon de closet" (closet fagot). That same month, another Supervisor while passing through a narrow hallway that I was in, touch my rear end twice in the same day and I confronted the Supervisor. I made a report about it.

In or about July 2020, a coworker scribbled some nasty words in the male bathroom and another employee was told to paint over the scribble. After our shift, the employee that painted the scribble was outside and while I was passing by him, I heard him say, here comes the gay man.

On or about August 3, 2020, I had to stay 30 minutes after my regular shift had ended. A coworker started to say to another coworker that the company was giving out overtime because workers are with the Manager giving oral (Spanish – estan con el majordomo hacienda espuma). On or about August 5, 2020, I was sitting behind a coworker and the coworker told me in Spanish, "quitate de ahi so maricon" (get out of there you fagot).

I believe that I have been subjected to workplace harassment because of my sex (male/sexual orientation) in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 08-06-2020        *[signature]*<br>*Date*     *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATION
**MISSOURI COMMISSION ON HUMAN RIGHTS**
# Exhibit B

| MICHAEL L. PARSON | ANNA S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

Miguel A. Nunez

▆▆▆▆▆▆▆▆▆▆▆▆

RE:  Nunez vs. WABTEC
     FE-8/20-32442    846-2020-26564

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

Respectfully,

*[signature]*

Alisa Warren Ph.D.
Executive Director

WABTEC
4800 Derramus
Kansas City, MO  64120

February 3, 2021
Date

Ashley H. Atwell-Soler
Holman Schiavone
4600 Madison Ave., Suite 810
Kansas City, MO 64112
*Via email*

| ☐ | ☐ | ☑ | ☐ |
|---|---|---|---|
| JEFFERSON CITY OFFICE | ST. LOUIS OFFICE | KANSAS CITY OFFICE | SIKESTON OFFICE |
| 421 E. DUNKLIN ST. | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1129 | 106 ARTHUR STREET, SUITE D |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | JEFFERSON CITY, 65102-1129 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights   E-Mail: mchr@labor.mo.gov

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | | |
|---|---|---|
| MIGUEL NUÑEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 2116-CV09884 |
| WABTEC Corporation a/k/a Westinghouse | ) | |
| Air Brake Technologies Corporation, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |
| Serve Registered Agent: | ) | |
| CSC-Lawyers Incorporating Service Co. | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |

UPON MOTION of Plaintiff, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Summons for Defendant

WABTEC Corporation a/k/a Westinghouse Air Brake Technologies Corporation is hereby

GRANTED, and Plaintiff shall have until July 1, 2021, to complete service of the Petition, and the

Summons issued on May 5, 2021, upon WABTEC Corporation a/k/a Westinghouse Air Brake

Technologies Corporation.

Dated: _____     By:_____

                                          Circuit Court Judge



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JAMES FRANCIS KANATZAR | Case Number: 2116-CV09884 |
|---|---|
| Plaintiff/Petitioner:<br>MIGUEL A NUNEZ | Plaintiff's/Petitioner's Attorney/Address<br>ASHLEY HELEN ATWELL<br>HOLMAN SCHIAVONE LLC<br>4600 MADISON AVE.<br>SUITE 810 |
| vs. | KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>WABTEC CORPORATION | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** WABTEC CORPORATION
**Alias:**
SRV REG AGT-CSC LAWYERS INCORP
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*



*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

05-MAY-2021
Date

Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00___ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-4079** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00444-HFS   Document 1-1   Filed 06/25/21   Page 65 of 66

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.  Thank you.


Circuit Court of Jackson County

6/2020